

*Premotion conference is waived. Motion to dismiss may be filed by September 15. Answering papers are due October 15. Reply, if any, by October 28.*

*Attention is called to Local Rule 12.1.*

*SO ORDERED.* /s/ P. Kevin Castel USDJ  8-4-08

MEMO ENDORSED

**RECEIVED JUL 30 2008 CHAMBERS OF P. KEVIN CASTEL U.S.D.J.**

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

DAVID R. PRIDDY
*Assistant Corporation Counsel*
Phone: (212) 788-0757
Fax: (212) 788-8900
E-mail: dpriddy@law.nyc.gov

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/08

July 29, 2008

Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

Re:  Carolyn Jane Siino v. Bd. Of Trs. Of New York City Teachers'
     Ret. Sys., et al. (PKC) (RLE)
     08 CV 4529

Dear Judge Castel:

     I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced action. I write this letter to request a pre-motion conference pursuant to section 2(A)(1) of Your Honor's Individual Practice Rules. For the reasons set forth herein, defendants intend to move to dismiss all claims asserted in the complaint filed May 15, 2008 pursuant to Federal Rule of Civil Procedure ("Rule") 8(a) and Rule 12(b)(6).

### A.  Background

     This is an action in which plaintiff, a terminated employee of the New York City Department of Education ("Department of Education") and member of the Teachers' Retirement System of the City of New York ("TRS"), apparently alleges that she should, for reasons that remain opaque at best, be immunized from paying interest on a loan she took out against her pension.[1] She also alleges that defendants have somehow violated her supposed Constitutional right to dignity. At the outset, it is not at all clear how plaintiff has come to believe that she has a Constitutional right to dignity. She cites no authority for this proposition. Indeed, while plaintiff

---

[1] At one point, plaintiff seems to justify her request to be released from interest payments based on "watching on westerns on television…". See Complaint, p. 5.

asserts Federal jurisdiction based on the "IRS code and Constitutional amendments" (see Complaint, § II(B)), she never specifically cites any part of the IRS code or a Constitutional amendment in her complaint. Additionally, plaintiff alleges that her claims are not time barred because they arose in March 2008 when she "contemplat[ed] new facts." See Complaint, § III(B).

Defendants herein, as discussed in more detail below, assert that plaintiff's claims are meritless and request that the Complaint, in its entirety, be dismissed pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to comply with relevant rules of pleading and failure to state a claim upon which relief can be granted. Additionally, to the extent that any claims can be understood from the complaint, defendants assert that such claims are time barred.

### B.   Legal Standard for a Rule 8(a) Motion to Dismiss.

Rule 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); see also 2A Moore's Fed. Practice P 8.13, at 8-58 (2d ed. 1994) ("The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial.")

When a complaint is not short and plain, the Court has the power, on motion or *sua sponte*, to strike any portions that are redundant or immaterial, or to dismiss the complaint. See Salahuddin, 861 F.2d at 42; see also Zdziebloski v. Town of East Greenbush, N.Y., 101 F.Supp.2d 70, 72 (N.D.N.Y. 2000) ("A dismissal of a complaint pursuant to *Rule 8(a)* is appropriate when the complaint departs so far from the 'short and plain' criteria that it undermines the interests of justice, by making it unnecessarily difficult for other parties and the court to discern the claims the plaintiff intends to set forth, and the factual bases underlying those claims.")

Pleadings of *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, dismissal of a *pro se* litigant's complaint may still be appropriate under Rule 8(a)(2). See Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972). Courts have found dismissal of a *pro se* complaint warranted "where the substance of the claim pleaded is frivolous on its face." Salahuddin, 861 F.2d at 42 (citations omitted).

### C.   Plaintiff's Complaint Fails to Comply with the Pleading Requirements of Rule 8(a).

Petitioner's complaint is a warren of jumbled thoughts and accusations that do not give notice of plaintiff's claim or claims. Plaintiff's claims seem to be based at least partially on her pension loans, emotional distress of ambiguous origin and her previous unsuccessful litigation against defendants. However, plaintiff never quite unravels exactly which actions of defendants justify the requested relief.

Plaintiff requests that the Court issue "an injunction and declaratory order which interprets the IRS law...". See Complaint, p. 10. However, plaintiff never cites any part of the IRS code in her complaint. Plaintiff requests $1 million not only for a supposed "theft" of her pension fund,[2] but for "wrongful termination" – an issue that she previously unsuccessfully litigated in both State and Federal court at the trial and appellate level. See Siino v. New York City Bd. of Educ., 2000 U.S.App. LEXIS 8602 (2d Cir 2000); Siino v. Dept. of Ed. Of the City of New York, 2007 NY Slip Op 08105, 44 A.D.3d 568 (First Dep't 2007).

To the extent that defendants understand the complaint, Plaintiff (i) feels that she should not be forced to pay interest on a loan, and (ii) is angry not only that she was terminated from her job, but that she subsequently was unsuccessful in overturning that termination through the courts. Plaintiff seems to assert, without any specific justification, that charging interest on a pension loan somehow violates her "right to dignity." She cites no authority for this claim. In fact, petitioner does not cite any specific Constitutional amendment or other Federal rule or regulation in her complaint. The only citation in the complaint is to an IRS publication.[3] Plaintiff's claims are prolix, wholly unsupported, and for the most part incomprehensible. To the extent that the complaint can be understood, plaintiff does not cite a single law, rule or regulation to bolster her claims.

For all of the reasons above, this complaint should be dismissed under Rule 8(a).

**D.     Legal Standard for a Rule 12(b)(6) Motion to Dismiss.**

The defendants desire to file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). On such a motion, the Court is required to accept the material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. See Grandon v. Merrill Lynch & Co. 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)); Caspar v. Lew Lieberman & Co. Inc., 97 Civ. 3016 (JGK), 1998 WL 150993, *1 (S.D.N.Y. Mar. 31, 1998). Further, the Court's function on a motion to dismiss "is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Caspar, 1998 WL 150993, *1.

A Court should dismiss a claim pursuant to Rule 12(b)(6) when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The rule "does not permit conclusory statements to substitute for minimally factual allegations." Electronics Communications Corp. v. Toshiba Amer. Consumer Products, Inc., 129 F.3d 240, 243 (2d Cir. 1997); see Gant v. Wallingford Bd. of Educ., et al., 69 F.3d 669, 673 (2d Cir. 1995) ("[A] complaint consisting of nothing more than

---

[2] Note that plaintiff, by taking and then failing to repay a loan against the principal, has likely caused a diminution of the value of her pension.

[3] IRS publications are not rules or regulations, but pamphlets designed to help taxpayers understand IRS rules and regulations.

3

naked assertions, and setting forth no facts upon which a court could find violation . . . fails to state a claim."). Id.

### E. Plaintiff Fails to State Any Cognizable Claim Under Rule 12(b)(6).

Plaintiff has failed to state any claim whatsoever in her Complaint. Indeed, the complaint fairly calls out for dismissal under Rule 12(b)(6) as, to the extent that the complaint can be understood, it is composed entirely of "naked assertions...setting forth no facts upon which a court could find [a] violation." Gant, 69 F.3d at 673. The complaint utterly fails to withstand scrutiny under Rule 12(b)(6).

As outlined in Section C, supra, plaintiff's claims are wholly unsupported by the facts or the law. Indeed, all of her allegations are nonsensical. For example, plaintiff (who asserts that "TRS and [the] City hold a mental grip on [her]") seems to hold defendants responsible for her credit card debt. See Complaint, p.8. She also accuses defendants of "coercion for theft." Id. It is not clear what plaintiff means by this phrase. Defendants (though it is unclear exactly which defendants) are also accused of, among other things, depriving plaintiff of her claimed right to dignity as well as her "right to liberty in choosing at what age to retire." Id. Defendants have no idea how any of these allegations relate to them. Plaintiff was terminated from her position over a decade ago, so no defendant named in the complaint has any interest in or influence over plaintiff's current occupation or her decision to retire.

Plaintiff's incoherent, jumbled complaint sets forth no basis for relief. To the extent that defendants are able to decipher plaintiff's claims, such claims amount to nothing other than her unhappiness at losing her previous cases and plaintiff's desire to create a pretext for bringing defendants into court yet again over the same issues. Any new claim asserted is so preposterous as to be unbelievable and clearly cannot serve as a basis for moving forward with this litigation.

### F. While Defendants Maintain That the Complaint States No Cognizable Claim, Any Such Claim Would Be Time Barred.

Defendants assert that, if plaintiff is found to have a cognizable claim, such claim would be time barred. Plaintiff's only actual claim – that she should not have to pay interest on her pension loan – is a contract claim and therefore subject to a six-year statute of limitation under New York law. See N.Y. C.P.L.R. § 213. Plaintiff applied for her loan on December 19, 1997. She defaulted in May or June of 1998. After corresponding with TRS over the course of the next year, plaintiff received a letter detailing the payment necessary to satisfy the outstanding balance of her loan on July 23, 1999. All of these dates place plaintiff well outside the applicable statute of limitations.

Plaintiff cites two dates in her complaint. See Complaint, § III(B). The first date she cites is July 27, 1999. If this is the relevant date for purposes of the statute of limitations, this action is time barred. Plaintiff also cites March 2008, when she "contemplat[ed]...new facts." See id. This cannot serve as a proper date for calculation of the applicable statute of limitations. Plaintiff does not allege that defendants took any action in March 2008; she merely alleges that she dreamed up "new facts."

Plaintiff also writes at length about other dates (see Complaint, pp. 6-8), but defendants cannot make sense of this section of her complaint. However, it does not seem that, for example, plaintiff's receipt of an IRS form or the passage of a bill concerning TRS' right to hire outside counsel[4] (see Complaint, p. 7), would have any bearing on the statute of limitations for this case.

### G. Dismissal of the Complaint is Proper.

For the above reasons, defendants respectfully request that Your Honor arrange for a pre-motion conference and permit defendants to file a motion to dismiss. Defendants further respectfully request that the time to respond to the Complaint, which is currently due by August 8, 2008, be adjourned until the resolution of this request.

In compliance with section 1(C) of Your Honor's Individual Practice Rules, note that (1) a response in this matter was originally due June 17, 2008; (2) both parties consented to one previous adjournment, extending defendants' time to respond to August 8, 2008; (3) Magistrate Judge Ellis granted this adjournment; (4) plaintiff has indicated that she would not consent to any further adjournments. Plaintiff, even though she suggested August 8, 2008 as the new date, feels that she gave defendants "too much" time and does not want to wait longer for Your Honor to review her case. She is also concerned that the interest due on her loan will consume the principal of her pension. However, please note that we are only requesting that the time to respond be extended so that Your Honor can consider our request to file a motion to dismiss. Thank you for your consideration of this request.

Respectfully submitted,

*/s/ David R. Priddy*

David R. Priddy (DP 2101)
Assistant Corporation Counsel

cc: Carolyn Jane Siino, Plaintiff *pro se*
    Magistrate Judge Ronald L. Ellis

---

[4] It should be noted that defendants use this merely as an example. It is not at all clear to which bill plaintiff is referring, nor is it clear how such a bill might relate to any of her allegations.

5